IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Trina Marie Mabus, ) | Civil Action No.: 3:11-cv-00494-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Joseph R. McCrorey.[1] Plaintiff Trina Marie Mabus brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("the Act"). In his R&R, the Magistrate Judge recommends reversing the decision of the Commissioner and remanding the matter for further administrative action.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for disability insurance benefits and supplemental security income benefits on March 13, 2007, alleging that she became unable to work on March 5, 2007. The applications were denied initially and on reconsideration. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on September 16, 2009, and Plaintiff appeared and testified. A vocational expert also testified. The ALJ issued a decision dated November 17, 2009, finding that Plaintiff was not disabled. The ALJ's overall findings were as follows:

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since March 5, 2007, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease; peripheral neuropathy; major depressive disorder; generalized anxiety disorder; obesity; and degenerative joint disease (20 CFR 404.1520(c) and 416.920(c)).

. . .

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 404.925 and 416.926).

. . .

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) that is limited to lifting or carrying ten pounds occasionally and less than ten pounds frequently; standing and/or walking about two hours in an eight-hour workday; sitting up to six hours in an eight-hour workday; occasional stooping, twisting, balancing, crouching, kneeling, and climbing of stairs or ramps; but must avoid crawling or climbing of ladders or scaffolds. Additionally, the claimant is limited to performing simple, routine, repetitive tasks in a low stress environment that does not require ongoing interaction with the public. A low stress environment is defined as not required to meet a rigid, inflexible production schedule; not required to make difficult or complex decisions; not required to put up with frequent changes to procedures or processes in the workplace; and not required to put up with difficult people, such as working at a complaint desk.

. . .

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

. . .

> 7. The claimant was born on March 22, 1973 and was 33 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> . . .
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569.a, 416.969 and 416.969(a)).
>
> . . .
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from March 5, 2007 through the date of this decision (20 CFR 404.1520(g) and 416.920).

Tr. 25-35.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review. On March 2, 2011, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 18, 19, 20, and the Magistrate Judge issued his Report and Recommendation ("R&R") on July 31, 2012, recommending that the Commissioner's decision be reversed and remanded, R&R, ECF No. 28. The Commissioner filed timely objections to the R&R on August 17, 2012, Def.'s Objs., ECF No. 29, and Plaintiff replied on August 20, 2012, Pl.'s Reply, ECF No. 31.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v.*

*Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*  Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### DETERMINATION OF DISABILITY

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a).  The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A).  "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985).  A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) "residual functional capacity," *id.* §§ 404.1560(a) & 416.960(a); (2) age, *id.* §§ 404.1563 & 416.963; (3) education, *id.* §§ 404.1564 & 416.964; (4) work experience, *id.* §§ 404.1565 & 416.965; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* §§ 404.1566 & 416.966. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

## ANALYSIS

The Magistrate Judge recommends reversing the Commissioner's decision and remanding the case for further administrative action. First, the Magistrate Judge concludes that "it [was] unclear from the ALJ's decision how he arrived at the [residual functional capacity]," particularly in

light of the Magistrate Judge's finding that the Commissioner erred in not considering Plaintiff's diabetes as a severe impairment.  Second, the Magistrate Judge concludes that the ALJ was unclear about why he discounted Plaintiff's complaints and failed to consider the side effects of her medications.  Third, the Magistrate Judge concludes the ALJ's decision to discount the medical opinions of one of Plaintiff's treating physicians, Dr. James O'Leary, an orthopaedist, was not adequately explained or supported by substantial evidence.  Finally, the Magistrate Judge, declining to address the Plaintiff's remaining issues, recommends that the Commissioner take them into consideration on remand.

In his objections, the Commissioner, contends in part that, contrary to the Magistrate Judge's conclusion, the decision regarding Plaintiff's residual functional capacity complied with regulations and was supported by substantial evidence.  Plaintiff, however, replies that the Commissioner failed to specifically object to the Magistrate Judge's finding that the ALJ erred in not including Plaintiff's diabetes among her severe impairments at step two of the sequential evaluation. Pl.'s Reply 1-2.  Indeed, the Magistrate Judge specifically identifies the ALJ's failure to consider Plaintiff's diabetes as a severe impairment as a prejudicial error.

The Court, therefore, finds that the Commissioner's failure to object specifically to the Magistrate Judge's recommendation waived his right to *de novo* review. *Orpiano*, 687 F.2d at 47. The general objection that the administrative decision "was about as detailed and extensive of a narrative discussion could be expected from an ALJ" does not adequately challenge the Magistrate Judge's specific findings concerning the ALJ's errors.[2] Def.'s Objs 3.  Moreover, the Commissioner does not specifically challenge the Magistrate Judge's specific conclusion that, in light of the error,

---

[2] The Commissioner's failure to specifically object to the recommendation lends support the Magistrate Judge's observation that "[t]he Commissioner does not appear to dispute that the ALJ erred in failing to find that Plaintiff's diabetes was a severe impairment." R&R 12.

7

"it is unclear that the ALJ fully considered the effects of Plaintiff's diabetes at step four." R&R 14. Because this Court finds no clear error in the Magistrate Judge's recommendation, it adopts the R&R to the extent it addresses the ALJ's failure to adequately consider all of Plaintiff's impairments in determining her residual functional capacity.

This error is not harmless and, alone, requires a remand in order to reconsider Plaintiff's residual functional capacity. The Court, of course, is mindful of the additional issues raised by Plaintiff on this appeal, including the ALJ's alleged inadequate explanations in weighing the medical opinions of three of Plaintiff's treating physicians properly and assessing Plaintiff's credibility and subjective complaints.[3] As the consideration of Plaintiff's diabetes as a severe impairment may affect the Commissioner's evaluation of her residual functional capacity, its consideration may also affect the additional issues raised by Plaintiff. Thus, the Commissioner should reconsider the additional issues on remand.

## Conclusion

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, the Commissioner's objections, and applicable law. For the reasons set forth above and by the Magistrate Judge, the Court hereby overrules the Commissioner's objections and adopts as modified and incorporates by reference the portions of the Magistrate Judge's R&R addressing the ALJ's failure to adequately consider Plaintiff's diabetes in determining her residual functional capacity. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein.

---

[3] The hypothetical addressed by the vocational expert, derived from Plaintiff's residual functional capacity, was also challenged on appeal.

8

**IT IS SO ORDERED.**

                                                      s/ R. Bryan Harwell
                                                     R. Bryan Harwell
                                                     United States District Judge

September 18, 2012
Florence, South Carolina