IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Trina Marie Mabus, | ) | Civil Action No. 3:11-cv-00494-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On September 21, 2012, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Defendant filed a response on October 9, 2012, indicating that he opposes the plaintiff's request for fees on the basis that the defendant's position was substantially justified. Plaintiff filed a Reply on October 12, 2012.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing substantial justification. Thompson v. Sullivan, 980 F.2d 280 (4th Cir. 1992). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially justified" for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

> The government's position must be substantially justified in both fact and law. . . In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts. After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees. However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding that it asserts justifiable positions in the various subsidiary disputes that may arise during litigation.

Thompson v. Sullivan, 980 F.2d at 281-282.

While the remand of an agency decision for further proceedings does not always mean that the agency's actions were not substantially justified, this court believes on the record before it that the defendant's actions were not substantially justified and that an award of attorney's fees is appropriate. This Court adopted the Report of the Magistrate Judge and remanded the case for further administrative proceedings to fully consider the effects of the plaintiff's diabetes, along with her other severe impairments, at step four; to properly evaluate the opinions by three of the plaintiff's treating physicians; and to properly assess Plaintiff's credibility and subjective complaints. On the basis of the above and the arguments by the plaintiff, the Court finds the position of the government was not substantially justified.

Based on the foregoing and after consideration of the briefs and affidavits submitted, the court ORDERS the defendant to pay plaintiff the sum of $7,350 in EAJA attorney's fees representing 42 hours of attorney time at the rate of $175 per hour.

Regarding the appropriate payee of the check, the United States Supreme Court has held that the party and not the attorney is the prevailing party under the EAJA statute, and that the EAJA attorney's fee award is subject to administrative offset for debts the claimant owes to the government. Astrue v. Ratliff, 560 U.S. 586 (2010). In the case at bar, the government indicates that "the decision to waive the Act and accept an assignment (from the client to the attorney) is within the discretion of

the government. Should the Court award EAJA fees in this case, the government will then evaluate any assignment and the propriety of directing payment to counsel pursuant to any assignments made by Plaintiff." (ECF No. 35, p. 4-5).

The Court accordingly orders that the EAJA attorney's fee payment should be made payable to the plaintiff unless the government recognizes the assignment to counsel in this case. The check should be mailed to the plaintiff's attorney, with notice of the mailing being sent to the plaintiff.

**IT IS SO ORDERED**.

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

November 8, 2013
Florence, South Carolina